## CARMICHAEL et al. v. NATIONAL PARK BANK OF NEW YORK et al.

Circuit Court of Appeals, Fifth Circuit.
October 20, 1928.

No. 5359.

See, also, Carmichael v. Barrett, 28 F. (2d) 692.

Orville A. Park, of Macon, Ga., and Carl N. Davie, of Atlanta, Ga., for appellants.

B. F. Boykin and S. C. Boykin, both of Carrollton, Ga., and H. D. Russell, of Macon, Ga. (Boykin & Boykin, of Carrollton, Ga., and Brock, Sparks & Russell, of Macon, Ga., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. The National Park Bank filed a bill to establish its claim on four notes aggregating approximately $12,000 against the estate of J. H. Carmichael, of which said notes the Carmichael-Mallet Company was the maker and J. H. Carmichael, one of the indorsers. The bill alleged, in substance, that the state banking department of Georgia had levied assessments of $22,150 and $25,200, the second superseding the first, against J. H. Carmichael as the owner of 252 shares of the capital stock of the Farmers' & Merchants' Bank of Jackson, Ga., and that said assessments and the execution levied thereunder were null and void because made by J. W. Davis as agent of A. B. Mobley, superintendent of banks, instead of by Mobley in person. Mobley was made a defendant, and an injunction to prevent collection of the assessment was prayed for. From a judgment declaring the assessments void and ordering an injunction, this appeal is prosecuted.

The Georgia banking laws provide for the appointment of a superintendent of banks with authority to take over the affairs of insolvent banks for liquidation; authorize an assessment by him against the stockholders, up to the par value of the stock, sufficient to pay depositors when added to the cash assets of the bank estimated to be collectible within one year; provide for the giving of notice of the assessment and the issuance of an execution in the form of a fi. fa. which, when properly recorded, has the same effect as a judgment, but which assessment and execution may be contested in court by the stockholder on filing an affidavit of illegality; and provide for the appointment by the superintendent of an agent, as follows:

"The Superintendent may, under his hand and official seal, appoint an agent to assist him in taking possession of, liquidating and distributing the assets of any bank under the provisions hereof, the certificate of appointment to be filed in the office of the Superintendent, and a certified copy thereof delivered to such agent. Such agent shall receive a salary, to be fixed as hereinafter provided for the time he is actually engaged in assisting in liquidating the affairs of the bank. The Superintendent may authorize such agent to perform such duties connected with such liquidation and distribution as the Superintendent himself could in person do and perform." Acts 1919, pp. 135, 157.

It is not questioned that the Farmers' & Merchants' Bank was properly taken over by the superintendent of banking, that the assessment could have been properly made by Mobley and that it would have been a lien upon the assets of Carmichael's estate superior to the claim of appellee. The administra-

tors raise no question as to the validity of the assessment and execution as made.

With regard to the making of the assessment, Mobley testified, in substance, that he became superintendent of banks January 1, 1927; that at that time there were about 142 banks in liquidation in Georgia; that the Farmers' & Merchants' Bank of Jackson closed in December, before he came into office; that, when the audit of this bank was completed, one copy was laid on his desk; and that, having just come into office, he was very much interested in the audit and went into details with a view of doing his duty as the laws required, ascertaining how much money would be available within twelve months for the payment of depositors, so as to levy an assessment, to make up the deficiency and if possible to pay the depositors 100 per cent. He decided upon the assessment of 100 per cent., and notified Davis to make that assessment; that the first assessment was withdrawn because of negotiations pending regarding a deal that might have rendered it unnecessary, and subsequently the other assessment was made. The notice of assessment was made by Davis, the agent, signed with Mobley's name by a rubber stamp, and personally signed by Davis as agent, and the same procedure was had in regard to the execution.

Apparently the Supreme Court of Georgia has not passed upon the particular provision of the banking laws relative to the appointment of an agent by the superintendent, above quoted, but, in the well-considered case of Deariso v. Mobley, 143 S. E. 915, decided by the Court of Appeals of Georgia, Division No. 2, it was held that an assessment and execution made practically the same way as those here in question were valid. A decision by the United States District Court for the Northern District of Georgia, In re Giles (D. C.) 21 F.(2d) 536, is to the contrary.

We have no hesitancy in following the decision of the Court of Appeals in Deariso v. Mobley. It would be manifestly impracticable for the superintendent of banking to personally perform every act necessary in the liquidation of an insolvent bank, especially if a large number of banks were in process of liquidation at the same time. It is immaterial how the superintendent of banks reaches the conclusion that an assessment is necessary, and his determination of that fact is in effect the making of the assessment. After that the fixing of the amount as to each stockholder, the giving of notice and the issuance of execution are matters of detail that may well be left to the agent

for actual performance. The statute is broad enough to authorize the delegation of those duties.

Entertaining these views, it follows that the judgment appealed from must be reversed. It is unnecessary to pass upon the other assignments of error in the record.

Reversed and remanded, with instructions to dismiss the bill.

---

## CARMICHAEL et al. v. BARRETT.

Circuit Court of Appeals, Fifth Circuit.
October 20, 1928.

No. 5360.

See, also, Carmichael v. National Park Bank of New York, 28 F.(2d) 691.